UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation; and MOROCCANOIL ISRAEL LTD., an Israeli limited company,<br><br>Plaintiffs,<br><br>v.<br><br>ZOTOS INTERNATIONAL, INC., a New York corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE No. 2:16-cv-07004-DMG-AGR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF MOROCCANOIL, INC.'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  December 9, 2016<br>Time:  2:00 p.m.<br>Crtrm.: 8C<br><br>Hon. Dolly M. Gee, Presiding Judge<br>Hon. Alicia G. Rosenberg, Magistrate Judge<br>Complaint filed: September 16, 2016 |

2522.714\9967

Having considered Plaintiff Moroccanoil Inc.'s ("Moroccanoil") Motion for Preliminary Injunction against Zotos International, Inc. ("Zotos"), the Opposition and Reply papers; the evidence presented in support and in opposition to the Motion; the parties' oral arguments; and the records on file in this matter; and good cause having been shown, the Court hereby finds and concludes that:

1. Moroccanoil is highly likely to succeed on the merits of its claims for trademark infringement. Moroccanoil has adduced sufficient evidence to establish a high likelihood of proving that Zotos is infringing Moroccanoil's trademark rights, including through the marketing and sale of personal care products under the name "Majestic Oil" in a vertical and horizontal orientation in combinations with other symbols and elements (the "Majestic Oil Products"), which are confusingly and substantially similar to the valid and protectable Moroccanoil trademarks, which Moroccanoil uses in connection with its various personal care products (the "Moroccanoil Products"). Moroccanoil has demonstrated a likelihood that, due to the similarity between elements of the packaging for the Majestic Oil Products and the Moroccanoil trademarks, consumers will believe that the Majestic Oil Products come from, are sponsored or licensed by, or are associated or affiliated with Moroccanoil.

2. Moroccanoil is highly likely to succeed on the merits of its claim for trade dress infringement. Moroccanoil has adduced sufficient evidence to establish a high likelihood of proving that Moroccanoil's trade dress is nonfunctional and either is inherently distinctive or, in the alternative, has acquired secondary meaning. Moroccanoil has also shown that it is likely to prove that Zotos is selling the Majestic Oil Products in packaging that features confusing similar elements of Moroccanoil's trade dress, including blue, copper orange accents, orientation of text and symbols, and similarly shaped and colored containers. Moroccanoil has demonstrated a likelihood that, due to the similarity between elements of the packaging for the Majestic

Oil Products and the Moroccanoil trade dress, consumers will believe that the Majestic Oil Products come from, are sponsored or licensed by, or are associated or affiliated with Moroccanoil.

3. Moroccanoil has demonstrated that it is likely to suffer immediate and irreparable injury as a result of Zotos' conduct because the Majestic Oil Products are likely to confuse consumers; are targeted at Moroccanoil consumers; and are likely to interfere with Moroccanoil's substantial efforts and exclusive rights to control its trademarks, trade dress, brand reputation and goodwill, including but not limited to the channels in which the Moroccanoil products are marketed and sold, and the price points at which it sells the Moroccanoil products.

4. Moroccanoil has demonstrated that it is likely to suffer immediate and irreparable injury if Zotos, and all those acting on its behalf or in concert or participation with Zotos, are not enjoined from (i) all sales, distribution, and advertising of the Majestic Oil Products; (ii) all efforts to sell, distribute, or advertise the Majestic Oil Products; (iii) referencing, mentioning and/or using in any way the "Majestic Oil" terms and symbols or any other mark, text, symbol, or combination thereof that is confusingly similar to the Moroccanoil marks; and (iv) selling, advertising, or making any other use of trade dress that is confusingly similar to Moroccanoil's trade dress.

5. The balance of hardships and the public interest tip sharply in favor of issuing a preliminary injunction. Moroccanoil has presented sufficient evidence to conclude that Zotos is currently engaged in unlawful and infringing conduct, the cessation of which will not cause hardship outweighing the harm caused by that conduct to Moroccanoil business, goodwill and reputation.

On the basis of the foregoing findings of fact and conclusions of law, it is hereby ORDERED and ADJUDGED that:

1. Moroccanoil's Motion for a Preliminary Injunction is GRANTED;

2. Zotos and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Zotos, or in concert or participation with Zotos, be enjoined from advertising, selling, or distributing:

    a. The Majestic Oil Products, as depicted below:



    b. Any product that is confusingly similar in appearance to Moroccanoil's trade dress consisting of turquoise blue package coloring, copper orange and/or white colored graphics and design elements, as depicted below:



   c. Any product bearing a trademark or symbol confusingly similar to Moroccanoil's trademark Registration No. 3,684,909, depicted below:

[MOROCCANOIL logo - horizontal orientation]

   d. Any product bearing a trademark or symbol confusingly similar to Moroccanoil's trademark Registration No. 3,684,910, depicted below:

[MOROCCANOIL logo - vertical orientation]

  3. Zotos and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Zotos, or in concert or participation with Zotos, shall be and hereby are effective immediately, ordered to:

   a. Recall and sequester all existing Majestic Oil Products;

   b. Provide to Moroccanoil and its counsel of record within thirty days of entry of this Order an accounting of all Majestic Oil Products manufactured,, sold and sequestered in inventory; and

2522.714\9967
-4-
[PROPOSED] ORDER GRANTING
PLAINTIFF MOROCCANOIL. INC.'S MOTION FOR PRELIMINARY INJUNCTION

      c.    Post a notice on the home pages of the websites www.naturellepro.com and www.sallybeauty.com stating that:

> "Zotos International Inc., the manufacturer of Naturelle Luxe Majestic Oil has been required the United States District Court for the Central District of California to post this notice in order to avoid further confusion in the marketplace. Majestic Oil products formerly sold through this website have no affiliation, and have never had any affiliation, with genuine Moroccanoil products. The Court has ordered that Zotos and Sally's may no longer sell Majestic Oil products in order to avoid confusion between those products and those sold by Moroccanoil."

      d.    File with this Court and serve on Moroccanoil within 30 days, a report in writing under oath, setting forth in detail the manner and form in which Zotos has complied with the above injunction.

No bond will be required of Moroccanoil at this time. Violation of this Preliminary Injunction shall expose Zotos and all other persons bound by this Preliminary Injunction to all applicable penalties, including contempt of Court. The foregoing preliminary injunction shall be in full force and effect until such time as this Court has entered a final judgment on the merits of all claims in this case, or until such time as this Court enters a further Order lifting or modifying the preliminary injunction granted hereby.

IT IS SO ORDERED.

DATED: December ___, 2016

                                                    Hon. Dolly M. Gee
                                                    United States District Judge