Mark D. Kremer (SB# 100978)
*m.kremer@conklelaw.com*
Evan Pitchford (SB# 256536)
*e.pitchford@conklelaw.com*
Zachary Page (SB# 293885)
*z.page@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiffs Moroccanoil, Inc.
and Moroccanoil Israel Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MOROCCANOIL, INC., a California corporation; and MOROCCANOIL ISRAEL LTD., an Israeli limited company,

Plaintiffs,

v.

ZOTOS INTERNATIONAL, INC., a New York corporation; and DOES 1 through 20, inclusive,

Defendants.

CASE No. 2:16-cv-07004-DMG-AGR

**PLAINTIFF MOROCCANOIL, INC.'S APPLICATION FOR LEAVE TO FILE UNREDACTED MOTION FOR PRELIMINARY INJUNCTION, UNREDACTED DECLARATION, AND CONFIDENTIAL EXHIBITS UNDER SEAL; REDACTED MATERIALS ATTACHED**

[Declaration of Zachary Page with Unredacted Materials and [Proposed] Order filed concurrently herewith]

Date: December 9, 2016
Time: 2:00 p.m.
Courtroom: 8C

Hon. Dolly M. Gee, Presiding Judge
Hon. Alicia G. Rosenberg, Magistrate Judge
Complaint filed: September 16, 2016

Pursuant to Local Rule 79-5, Plaintiff Moroccanoil, Inc. ("Moroccanoil") respectfully requests that the Court grant this application to file under seal the following unredacted materials submitted in support of Moroccanoil's Motion for Preliminary Injunction against Defendant Zotos International, Inc. ("Zotos"):

1. Unredacted Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction;
2. Unredacted Declaration of Allan Weizmann (Moroccanoil CFO);
3. Exhibit 6 to the Declaration of David Krzypow (Moroccanoil Brand Guidelines); and
4. Exhibit 7 to the Declaration of Jay Elarar (Moroccanoil Merchandising Elements Guide and General Merchandising Guidelines).

Redacted versions of these documents (and placeholder cover sheets in lieu of Exhibits 6 and 7) are attached hereto.

## I. LEGAL STANDARD FOR SEALING DOCUMENTS

Courts have the power to seal court files that "might [] become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In the Ninth Circuit, the common law right of access to judicial proceedings "is not absolute and can be overridden" when the parties provide sufficiently compelling reasons to restrict access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption favoring disclosure of court records to the public can be overcome if litigants show an overriding interest that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Sup. Ct. of Calif. for Riverside Cnty.*, 478 U.S. 1, 9-10, 2741(1986).

In determining whether it is appropriate to seal a document, courts examine (1) the public's interest in understanding the judicial process; (2) whether disclosure of the

material at issue could result in improper use (such as to incite scandal, libel a party or enable infringement of a party's trade secrets); (3) the interests of the parties and the balance of equities; and (4) the duty of the courts to balance all of these competing interests and to inform the public of the basis for its decision. *See California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1115 (C.D. Cal. 2005).

One category of documents that courts routinely seal is documents that contain commercially sensitive information that could harm a litigant's competitive standing. *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011) (upholding district court's sealing of "confidential business strategies and other commercially sensitive information," but unsealing non-confidential portions of those documents); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (explaining that courts are authorized to seal "business information that might harm a litigant's competitive standing"); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *4 (N.D. Cal. 2012) (sealing documents that contain "confidential and sensitive business information, the disclosure of which could harm [the litigant's] competitive advantage in the marketplace."); *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (sealing confidential financial information).

## II. MOROCCANOIL'S DOCUMENTS CONTAIN SENSITIVE AND CONFIDENTIAL BUSINESS INFORMATION

This action involves claims that Zotos infringed Moroccanoil's trademarks and trade dress, misappropriated Moroccanoil trade secrets, and unfairly competed with Moroccanoil. The parties are manufacturers, distributors, and/or sellers of personal care products, including the hair care products that are at issue in this action. Zotos' infringing products compete with Moroccanoil's products, and Zotos is otherwise a potentially direct or indirect competitor of Moroccanoil. (Page Decl., ¶ 3.)

In order to demonstrate the various elements of its Motion for Preliminary Injunction, Moroccanoil adduces and refers to evidence of its various marks, trade dress, brand, expenditures, and business relationships, some of which contain non-public information regarding sales data, financial information, internal policies and procedures with respect to the products and brand, business and branding strategies, and potentially other commercially and competitively sensitive information. Moroccanoil's business would be harmed if this confidential internal information were made available to the public. (*Id.*, ¶ 4.)

To this end, Moroccanoil applies to file under seal two confidential exhibits, along with unredacted versions of its Memorandum of Points and Authorities and the Declaration of Allan Weizmann (*i.e.* those few lines that refer to specific private financial information and the sensitive business information contained in the two confidential exhibits regarding branding and marketing guidelines that Moroccanoil only shares within its authorized supply chain). (*Id.*, ¶¶ 5-7.) Moroccanoil endeavored to provide as much non-confidential evidence and argument as possible, and, as a result, these exhibits and excerpts make up a very small portion of the papers and supporting evidence. (*Id.*, ¶ 8.)

## III. <u>CONCLUSION</u>

For the foregoing reasons, Moroccanoil respectfully requests that the Court grant this application to file under seal the documents described above.

Dated: November 10, 2016 By: */s/ Zachary Page*
Zachary Page
CONKLE, KREMER & ENGEL PLC
Attorneys for Plaintiff